IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JUSTIN T. TOLSTON,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF ATLANTA, GEORGIA, POLICE CHIEF RODNEY BRYANT, OFFICER FNU WADSWORTH, and INVESTIGATOR GARTRELL WALTON,<br><br>Defendants. | CIVIL ACTION FILE<br>NO. 1:20-CV-04221-SEG |

## DEFENDANTS' RULE 11 MOTION FOR SANCTIONS

COME NOW, all Defendants in the above-styled civil action, by and through their undersigned counsel of record and hereby move this Court to sanction Plaintiff Justin Tolston ("Tolston") for continually filing motions in violation of F.R.C.P. 11(b)(1) and Local Rule 7.1(A)(2). In support of this Motion, Defendants rely upon the simultaneously-filed supporting brief, the pleadings, and all evidence of record.

A review of the docket readily reveals Tolston's disregard for the court process and procedures. Since Defendants filed summary judgment motions on July 11, 2022, Tolston has filed the following motions that Defendants contend were filed in bad faith:

1

1. *Motion for a Hearing on Preliminary Injunctive Relief or Alternatively for a Consolidated Hearing for Permanent Injunctive Relief and a Bifurcated Bench Trial on the Merits* (Doc. 202);

2. *Motion to Join City of Atlanta Chief of Police Darin Schierbaum* (Doc. 204);

3. *Motion to Join Officer Lawrence holland as an Indispensable Party* (Doc. 208);

4. *Motion to Substitute Current Atlanta Chief of Police Darin Schierbaum for Defendant Rodney Bryant* (Doc. 210);

5. *Motion for the Court to Take Judicial Notice and Motion to Join City of Atlanta Mayor Andre Dickens as an Indispensable Party* (Doc. 216);

6. *Motion for the Court to Take Judicial Notice that Officer Lawrence Holland Shot and Killed Rogers Kyaruzi During the Pendency of this Matter* (Doc. 222);

7. *Plaintiff's Motion to Compel Disclosure of Officer Lawrence Holland's Body-Worn Camera Footage from the May 4, 2022 Shooting Death of Rogers Kyaruzi; Alternatively, Motion for In Camera Review of the Body-Worn Camera Footage* (served but not yet docketed).

Tolston has continuously violated the local rules regarding time of filing motions (see more below) and has not sought permission from the Court to file these untimely motions. Many of Tolston's briefs are accompanied by motions to file overlength briefs. Furthermore, Tolston has continually attempted to gain favor with the Court because of his *pro se* status, despite Defendants providing case law showing that *pro se* lawyers are not entitled to the traditional *pro se* litigant leniency. *See, e.g., Campbell v. Verizon Wireless, LLC*, 2015 WL 416484, at *1, n. 2 (S.D. Ala. 2015) (citing and quoting appeals courts' opinions in holding that *pro se* attorneys cannot claim the special consideration generally given to *pro se* plaintiffs).

2

"[C]ourts have the inherent power to 'fashion an appropriate sanction for conduct which abuses the judicial process.'" *Johnson v. 27th Avenue Caraf, Inc.*, 9 F.4th 1300, 1314 (11th Cir. 2021) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991)). "A court may exercise this power 'to sanction a party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Johnson*, 9 F.4th at 1314 (quoting *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223 (11th Cir. 2017)).

F.R.C.P. 11(b)(1) states that parties shall not file motions for "any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Local Rule 7.1(A)(2) states: "Specific filing times for some motions are set forth below. All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery unless the filing party has obtained prior permission of the court to file later." U.S. Dist. Ct. Rules N.D. Ga., LR 7.1(A)(2).

As shown in the accompanying brief, the above-referenced motions were filed for improper purposes: to cause delay, to raise irrelevant issues to enflame the emotions of the Court, to harass Defendants, and to pressure Defendants into settling this matter. The undersigned has given notice to Tolston that his conduct is improper, yet he continues these improper filings.

The Court has the inherent power to issue sanctions against a party acting in bad faith. See *Johnson*, 9 F.4th at 1314 (quoting *Purchasing Power, LLC v.*

*Bluestem Brands, Inc.*, 851 F.3d 1218, 1223 (11th Cir. 2017)). As such, Tolston should be sanctioned for his conduct. Defendants respectfully request that this case be dismissed.

WHEREFORE, Defendants respectfully move this Court to sanction Tolston for violating F.R.C.P. 11(b)(1) and Local Rule 7.1(A)(2) in bad faith by dismissing this action with prejudice.

Respectfully submitted this 23rd day of January, 2024.

**HALL BOOTH SMITH, P.C.**

/s/ *Nicholas A. Kinsley*
/s/ *R. David Ware*
/s/ *Phillip E. Friduss*
R. DAVID WARE
Georgia Bar No. 737756
PHILLIP E. FRIDUSS
Georgia Bar No. 277220
NICHOLAS A. KINSLEY
Georgia Bar No. 276862

*Counsel for Defendants*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30303-1775
Tel: (404) 954-5000
Fax: (404) 954-5020
dware@hallboothsmith.com
pfriduss@hallboothsmith.com
nkinsley@hallboothsmith.com

**CITY OF ATLANTA LAW DEPARTMENT**

*/s/ Joel Callins*
JOEL CALLINS
Georgia Bar No. 105255

*Counsel for Defendants*

55 Trinity Avenue, Suite 5000
Atlanta, Georgia 30303
(404) 546-4185 *Phone*
(404) 588-3239 *Fax*
jcallins@atlantaga.gov

## **LOCAL RULE 7.1D CERTIFICATION**

Pursuant to Local Rule 7.1D for the Northern District of Georgia, the undersigned counsel for Defendants certifies that the above and foregoing is a computer document prepared in Times New Roman (14 point) font in accordance with Local Rule 5.1B and C.

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JUSTIN T. TOLSTON,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF ATLANTA, GEORGIA, POLICE CHIEF RODNEY BRYANT, OFFICER FNU WADSWORTH, and INVESTIGATOR GARTRELL WALTON,<br><br>Defendants. | CIVIL ACTION FILE<br>NO. 1:20-CV-04221-SEG |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day filed a copy of the within and foregoing **DEFENDANTS' RULE 11 MOTION FOR SANCTIONS** via electronic mail and/or regular mail to the following:

> Justin T. Tolston, JD LLM
> 7925 Meredith Avenue
> Omaha, Nebraska 68134
> jttolston@gmail.com

Respectfully submitted this 23rd day of January, 2024.

|  |  |
|---|---|
|  | **HALL BOOTH SMITH, P.C.**<br><br>*/s/ Nicholas A. Kinsley*<br>*/s/ R. David Ware*<br>*/s/ Phillip E. Friduss*<br>R. DAVID WARE<br>Georgia Bar No. 737756<br>PHILLIP E. FRIDUSS<br>Georgia Bar No. 277220<br>NICHOLAS A. KINSLEY<br>Georgia Bar No. 276862 |
| 191 Peachtree Street, N.E.<br>Suite 2900<br>Atlanta, GA 30303-1775<br>Tel: (404) 954-5000<br>Fax: (404) 954-5020<br>dware@hallboothsmith.com<br>pfriduss@hallboothsmith.com<br>nkinsley@hallboothsmith.com | *Counsel for Defendants* |
|  | **CITY OF ATLANTA LAW DEPARTMENT**<br><br>*/s/ Joel Callins*<br>JOEL CALLINS<br>Georgia Bar No. 105255 |
| 55 Trinity Avenue, Suite 5000<br>Atlanta, Georgia 30303<br>(404) 546-4185 *Phone*<br>(404) 588-3239 *Fax*<br>jcallins@atlantaga.gov | *Counsel for Defendants* |